757 So.2d 1241 (2000)
A.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1812.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
Richard L. Jorandby, Public Defender, and Siobhan Helena Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
A.B. was found with a knife at his middle school and charged with possession of a weapon on school campus in violation of section 790.115(2)(a), which provides in part:
A person shall not possess any firearm, electric weapon or device, destructive *1242 device, or other weapon, including a razor blade, box cutter, or knife, except as authorized in support of school-sanctioned activities, at a school-sponsored event or on the property of any school, school bus, or school bus stop.
He argues that the knife, which had a three and one-half inch blade, was not a knife within the meaning of this statute. We disagree.
Appellant argues that the above statute must be read in conjunction with the definition contained in section 790.001(13):
"Weapon" means any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocketknife.
He then argues that his knife was merely a "common pocket knife," and he did not therefore violate section 790.115(2)(a).[1]
We disagree with appellant that the definition of a weapon means that common pocket knives are not knives within the meaning of section 790.115(2)(a). A weapon is one thing, and a knife is another. If the legislature had intended to exclude common pocket knives from section 790.115(2)(a), which became effective in 1997, it knew how to do so, as exemplified by the previously existing definition of weapon contained in section 790.001(13). As Judge Dauksch explained in his specially concurring opinion in C.A.J. v. State, 732 So.2d 1228 (Fla. 5th DCA 1999):
The question in this appeal is whether a person may lawfully possess a common pocketknife on school property, or at a school bus stop. The answer is no, unless "as authorized in school sanctioned activities." § 790.115(2)(a). This statute became effective October 1, 1997 and is unique in its proscription of the common pocketknife because theretofore one could possess such at school.
Affirmed.
TAYLOR, J., and SCOLA, ROBERT N., Jr., Associate Judge, concur.
NOTES
[1] No inference should be drawn from this opinion that we think that the knife in the present case is a common pocket knife. It is a Gerber 650, with a five inch handle and a three and one-half inch partially serrated blade.